COMMONWEALTH *vs.* HENRY C. SLOSSON.

Bristol.     October 28, 1890. — November 25, 1890.

Present : FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence.*

At the trial of a complaint for keeping a common nuisance from May 1, 1889, to January 20, 1890, a government witness testified that in December, 1889, he told the defendant that a man who had been drinking "says he bought his liquor at your shop, and the matter has been reported to the chief of police "; and the defendant asked, " Can't it be fixed up? " It did not appear that the purchase referred to was during the time alleged, and the presiding judge-instructed the jury to disregard it unless satisfied that the purchase was within the time covered by the complaint. *Held,* that the conversation warranted the jury in finding that the drinking referred to was of recent occurrence, and that the defendant showed no ground of exception.

COMPLAINT for keeping a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors from May 1, 1889, to January 20, 1890. At the trial in the Superior Court, before *Staples,* J., it was admitted that the defendant was the proprietor of a shop, which was the tenement in question. The defendant contended, and offered evidence tending to show, that his shop was a drug store, and that he kept and sold medicines. The evidence introduced by the government tended to show that intoxicated persons were seen to come out of the defendant's shop during the time alleged; that on Sunday, January 19, 1890, numerous persons visited the shop ; and that on that day, as well as on June 23, 1889, the defendant was seen to make single sales of liquor.

One Dayton, a witness for the Commonwealth, testified, among other things, that on one occasion, in December, 1889, as he was going by the defendant's shop, the defendant was standing outside of the door and the witness said to the defendant, " There is a man who has been drinking a good deal, and he says he bought his liquor at your shop, and the matter has been reported to the chief of police"; to which Slosson replied, "Can't it be fixed up?" This evidence was objected to by the defendant, because it did not appear that the purchase of the liquor referred to was during the time of the complaint; but the judge admitted the evidence, ruling that unless the jury were satisfied that the purchase of the liquor referred to was during the time covered by the complaint, they must disregard the evidence ; and the defendant excepted.

At the conclusion of the evidence, the defendant asked the judge to give the following instructions to the jury :

" The mere fact that large numbers of persons were seen going into the store of the defendant on Sunday, January 19, 1890, is immaterial and incompetent on the question of the maintaining of a common nuisance, unless it is supported by evidence that liquor was sold or delivered to them after they went in. If the jury should be satisfied from the evidence that there was a single sale of liquor by the defendant on June 23, 1889, and again on January 19, 1890, these facts would not be sufficient in law to convict the defendant of maintaining a common nuisance as charged in the complaint. If the jury should be satisfied from the evidence that intoxicated persons have been seen coming out of the defendant's store, the jury would not be justified on that evidence in finding that they obtained any liquor there, but the presumption would still be that they did not get any there."

The judge declined so to instruct, but among other things instructed the jury that, " if intoxicated people were seen coming from the defendant's shop, that is evidence to be considered upon the question whether intoxicating liquor is kept for sale there. The mere fact that large numbers of persons were seen going into the store of the defendant at a particular time, January 19, 1890, only furnishes evidence proper to be considered by the jury in connection with other circumstances of a significant character as indicating that intoxicating liquors are sold there.

The fact must exist in connection with circumstances such as indicate that the persons were there as frequenters of a drinking place, and not as mere visitors or as patrons of a drug store."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. H. Cobb*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.   The defendant has argued but one of his several exceptions, and there is no occasion to consider the others, further than to say that they disclose no error in the rulings.

The conversation with the defendant, testified to by the witness Dayton, occurred between seven and eight months after the beginning of the period when the defendant is alleged in the complaint to have kept the nuisance, and before the expiration of that period.   The evidence is objected to solely on the ground that the purchase of the liquor referred to in it does not appear to have been during the time stated in the complaint.   We are of opinion that the language of the witness to the defendant, and of the defendant in reply, were such as to warrant the jury in finding that the drinking referred to was of recent occurrence, and to justify the judge in submitting to them the evidence under the instructions which he gave.

*Exceptions overruled.*